IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOEL L. RITCHIE,

  Plaintiff,            ORDER

  v.             Case No. 26-cv-557-jdp

HEATHER WILHELM-COPAS, et al.,

  Defendants.

On June 12, 2026, plaintiff Joel L. Ritchie filed a motion for leave to proceed without prepaying the filing fee for this case. On June 16, 2026, I denied the motion. I determined that 20% of the average monthly balance in his account at Stanley Correctional Institution, where plaintiff is incarcerated, would have been more than the $405 filing fee. *See* 28 U.S.C. § 1915(b)(1). In other words, plaintiff has too much money to proceed *in forma pauperis*.

Now plaintiff has filed a motion for extra time to pay the filing fee, dkt. 6, and a motion to pay the fee from his release account, dkt. 7. A review of the account statement that plaintiff submitted on June 12, dkt. 3, shows that plaintiff receives regular deposits in amounts ranging from $10 to $145. At times, plaintiff has money in his regular account. But not all the time. Plaintiff may have until August 14, 2026, to submit his payment, but the court does not have authority to give him a choice to use his release account to make the payment. Instead, prison officials will first withdraw funds from his regular account, up to $405, and then withdraw funds from his release account to cover any remaining portion of the filing fee. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED:

1.     Plaintiff Joel L. Ritchie's motion to use release account funds to pay the $405 filing fee is GRANTED IN PART.  As noted above, prison officials will first withdraw funds from his regular account, up to the full amount of the filing fee, $405, and then withdraw funds from his release account to cover any remaining portion of the filing fee.

2.     Plaintiff may have until August 14, 2026, to submit his payment in the amount of $405.  If plaintiff fails to make the payment as ordered, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily and the case will be dismissed without prejudice.  If plaintiff pays the filing fee within 30 days after dismissal, then the case will be reopened.  The case will not be reopened after 30 days unless plaintiff shows that he is entitled to relief under Fed. R. Civ. P. 60(b).

3.     The clerk's office is directed to send a copy of this order to the plaintiff and the business office at Stanley Correctional Institution.

Entered this 24th day of July, 2026.

BY THE COURT:

_____s/_____
ANDREW R. WISEMAN
U.S. Magistrate Judge

2